IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALTON BRITT MORRISON                                                    PLAINTIFF

vs.                          Civil No. 2:14-cv-02017

CAROLYN COLVIN                                                          DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Alton Britt Morrison ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K.

Holmes, III referred this case to the Honorable Barry A. Bryant for the purpose of making a report and

recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends

the ALJ's determination be **AFFIRMED.**

## 1. Background:

Plaintiff filed an application for SSI on May 10, 2010. (Tr. 11, 95-98).[1] Plaintiff alleged he

was disabled due to pectus excavatum, anorexia nervosa, staggered/shortness of breath, and chest pain.

(Tr. 116). Plaintiff alleged an onset date of December 2, 2009. (Tr. 116). This application was denied

initially and again upon reconsideration. (Tr. 50-53).

Thereafter, Plaintiff requested an administrative hearing on his application. (Tr. 56-60). This

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this
case are referenced by the designation "Tr."

1

hearing request was granted, and a hearing was held on March 22, 2011. (Tr. 19-42). On April 6, 2011, the ALJ rendered a decision finding Plaintiff not disabled. (Tr. 11-18). After the Appeal Council denied review, Plaintiff filed a Complaint in this Court, and the Court remanded the case back to the agency for further administrative proceedings and a new decision. (Tr. 309-322). Pursuant to the Court's remand, the Appeals Council vacated the April 6, 2011, order, and remanded the case back to an ALJ for further proceedings. (Tr. 323-26).

A second hearing was held on October 8, 2013. (Tr. 269-297). At this hearing, Plaintiff was present and represented by counsel, Susan Brockett. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-six (36) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had an Associates Degree. (Tr. 272).

On October 21, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 254-262). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 10, 2010. (Tr. 256, Finding 1). The ALJ determined Plaintiff had the severe impairments of scoliosis, pectus excavatum status post repair, and cardiac dysrhythmia. (Tr. 256, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 256, Finding 3).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 256-260). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely

credible.  (Tr. 258).  Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC for sedentary work with the ability to occasionally lift and carry 10 pounds and frequently less than 10 pounds; sit for six hours; stand and walk for 2 hours during an 8-hour workday; work overhead frequently; occasionally climb stairs and ramps, balance, stoop, and crouch; but could not climb ladders and ropes, crawl, or kneel; and must avoid hazards, including moving machinery and unprotected heights.  (Tr. 256-257, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 261, Finding 7).  The ALJ found Plaintiff had no PRW.  *Id.*  The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 261, Finding 8).  The VE testified at the administrative hearing regarding this issue.  (Tr. 293-296).  Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a small product assembler with 68,000 such jobs in the nation, machine tender with 2,000 such jobs in Arkansas and 500,000 such jobs in the nation, and as a final assembler with 4,000 such jobs in Arkansas and 203,000 such jobs in the nation.  (Tr. 261).  The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision.  (Tr. 262, Finding 9).

On January 21, 2014, Plaintiff filed the present appeal.  ECF No. 1.  Both parties have filed appeal briefs.  ECF Nos. 9, 12.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a

preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the

4

regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9. Specifically, in his appeal brief, Plaintiff claims the ALJ erred: (1) in his RFC determination, (2) in failing to develop the record, and (3) in his credibility analysis. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

#### a. RFC Determination

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.

5

*See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for sedentary work with the ability to occasionally lift and carry 10 pounds and frequently less than 10 pounds; sit for six hours; stand and walk for 2 hours during an 8-hour workday; work overhead frequently; occasionally climb stairs and ramps, balance, stoop, and crouch; but could not climb ladders and ropes, crawl, or kneel; and must avoid hazards, including moving machinery and unprotected heights.  (Tr. 256-257, Finding 4).  Plaintiff argues the ALJ erred in this RFC determination because it was not supported by the medical evidence.  ECF No. 9, Pgs. 8-13.  Specifically, Plaintiff argues the ALJ erred by giving more weight to the opinion of Dr. Chester Carlson than he did to the opinions of Dr. Danny Silver, and failed to give adequate reasons to discount the opinions of Dr. Silver.  However, substantial evidence supports the ALJ's RFC determination.

Plaintiff argues the ALJ erred by giving more weight to the opinion of Dr. Chester Carlson, a consultative examiner who saw Plaintiff once.  To begin with, Plaintiff does not point to any part of the ALJ's decision that shows he considered Dr. Carlson's opinion.  Furthermore, the ALJ did not discuss Dr. Carlson's opinion in the decision.  As a result, there is no merit in Plaintiff's argument that he gave improper weight to the opinion of Dr. Carlson.

6

Plaintiff also argues the ALJ erred by failing to give adequate reasons to discount the opinions of Dr. Silver. However, in assessing Plaintiff's RFC, the ALJ considered the opinions of Dr. Silver, and discounted them for good reasons.

The ALJ found the opinions of Dr. Silver were not supported by the evidence as a whole. (Tr. 258-259). The ALJ noted the examinations of Plaintiff at the Cooper Clinic, St. Edward Mercy Medical Center, and the Good Samaritan Clinic did not note the severe difficulty breathing as indicated by Dr. Silver. (Tr. 259). Additionally, Dr. Silver also only evaluated Plaintiff on one occasion. (Tr. 245-250). As a result, Dr. Silver's findings are not entitled to the weight of a treating physician.

Substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing sedentary work with limitations. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### b. Duty to Develop Record

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d

7

1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have sent him for further cardiac consultation, including an EKG, and as a result of not doing so, the ALJ failed in his duty to properly develop the record. ECF No. 9, Pgs. 13-15. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record. ECF No. 12, Pgs. 11-12.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

Further, Plaintiff underwent a cardiac consultation on July 22, 2011 by Dr. Timothy Waack. (Tr. 500-507). Dr. Waack found Plaintiff's symptoms were not of a cardiac nature and he did not have any significant cardiac disease. (Tr. 506). In addition, contrary to Plaintiff's argument, Plaintiff underwent an EKG. (Tr. 488, 503-505, 507).

I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### c. Credibility Determination

Plaintiff claims the ALJ erred in evaluating his subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v.*

*Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from 20 C.F.R. § 404.1529, 20 C.F.R. § 416.929 and *Polaski* and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 259-260). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) No use of prescription pain medicine or side effects from medications, (3) Tests results have generally been within normal limits, (4) No physician placed any limits on Plaintiff's activities, and (5) Plaintiff's daily activities do not support a claim of being disabled. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

10

objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 16th day of December, 2014.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE